The STATE of Ohio, Appellee,

v.

BEDFORD, Appellant.

[Cite as *State v. Bedford,* 184 Ohio App.3d 588, 2009-Ohio-3972.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 24431.

Decided Aug. 12, 2009.

Sherri Bevan Walsh, Summit County Prosecuting Attorney, and Heaven R. Dimartino, Assistant Prosecuting Attorney, for appellee.

Susan E. Poulos, for appellant.

Dickinson, Presiding Judge.

## INTRODUCTION

{¶ 1} A jury convicted Joseph Bedford of domestic violence and disrupting public services, which are felonies of the fourth degree. At his sentencing hearing, the trial court told him that his sentence would be two years in prison "with a period of three years * * * mandatory post-release control." It then wrote in its journal entry that as part of Bedford's sentence, he "may be supervised by the Adult Parole Authority after [he] leaves prison * * * for a mandatory Three (3) years as determined by the Adult Parole Authority." Bedford has appealed his convictions, assigning five errors. Because the trial court made a mistake in its journal entry regarding postrelease control, the

journal entry is void. This court therefore exercises its inherent power to vacate the void judgment and remands for a new sentencing hearing.

## FINAL, APPEALABLE ORDER

{¶ 2} The Ohio Constitution restricts an appellate court's jurisdiction over trial court decisions to the review of final orders. Section 3(B)(2), Article IV, Ohio Constitution. "[I]n order to decide whether an order issued by a trial court in a criminal proceeding is a reviewable final order, appellate courts should apply the definitions of 'final order' contained in R.C. 2505.02." *State v. Muncie* (2001), 91 Ohio St.3d 440, 444, 746 N.E.2d 1092. "An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, [if] it is * * * [a]n order that affects a substantial right in an action that in effect determines the action and prevents a judgment." R.C. 2505.02(B)(1).

{¶ 3} The Ohio Supreme Court has held that "a judgment of conviction qualifies as an order that 'affects a substantial right' and 'determines the action and prevents a judgment' in favor of the defendant." *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, at ¶ 9. It has further held that "[a] judgment of conviction is a final appealable order under R.C. 2505.02 [if] it sets forth (1) the guilty plea, the jury verdict, or the finding of the court upon which the conviction is based; (2) the sentence; (3) the signature of the judge; and (4) entry on the journal by the clerk of court." Id. at syllabus. The trial court's journal entry sets forth the jury's verdict and Bedford's sentence, has the judge's signature, and was entered by the clerk of courts. Accordingly, it appears, on its face, to be a final, appealable order.

## POSTRELEASE CONTROL

{¶ 4} R.C. 2967.28(C) provides, "Any sentence to a prison term for a felony of the third, fourth, or fifth degree that is not subject to division (B)(1) or (3) of this section shall include a requirement that the offender be subject to a period of post-release control of up to three years after the offender's release from imprisonment, if the parole board * * * determines that a period of post-release control is necessary for that offender." Similarly, R.C. 2929.14(F)(2) provides, "If a court imposes a prison term for a felony of the third, fourth, or fifth degree that is not subject to division (F)(1) of this section, it shall include in the sentence a requirement that the offender be subject to a period of post-release control after the offender's release from imprisonment, in accordance with that division, if the parole board determines that a period of post-release control is necessary." In addition, R.C. 2929.19(B)(3)(d) provides, "[I]f the sentencing court determines * * * that a prison term is necessary or required, the court shall * * * [n]otify the offender that the offender may be supervised under

section 2967.28 of the Revised Code after the offender leaves prison if the offender is being sentenced for a felony of the third, fourth, or fifth degree."

{¶ 5} At the sentencing hearing, the trial court told Bedford that it was imposing a mandatory three-year period of postrelease control, and it wrote in its journal entry that he "may" be supervised "for a mandatory three (3) years." Under R.C. 2967.28(C), however, the parole board has discretion to impose up to three years of postrelease control for felonies of the fourth degree that are not felony sex offenses. The court apparently thought that Bedford fell within an exception under R.C. 2967.28(B)(3), which provides that three years of postrelease control are mandatory "[f]or a felony of the third degree that is not a felony sex offense and in the commission of which the offender caused or threatened physical harm to a person." The court stated at the sentencing hearing that "[b]ecause there was harm or threat of harm," Bedford's postrelease control "will be * * * mandatory."

{¶ 6} The physical-harm exception, however, applies only to felonies of the third degree. Because Bedford was convicted of two felonies of the fourth degree, it did not apply to him. Accordingly, the trial court improperly told Bedford that he was subject to mandatory postrelease control and improperly wrote that in its journal entry.

{¶ 7} In *State v. Simpkins,* 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, the Ohio Supreme Court held, "In cases in which a defendant is convicted of, or pleads guilty to, an offense for which postrelease control is required but not properly included in the sentence, the sentence is void * * *." Id. at syllabus. It noted that "no court has the authority to substitute a different sentence for that which is required by law." Id. at ¶ 20. It therefore concluded that "a sentence that does not conform to statutory mandates requiring the imposition of postrelease control is a nullity and void * * *." Id. at ¶ 22.

■ {¶ 8} Because the trial court made a mistake regarding postrelease control in its journal entry, Bedford's sentence is void. This court notes that "[a] court of record speaks only through its journal and not by oral pronouncement or mere written minute or memorandum." *Schenley v. Kauth* (1953), 160 Ohio St. 109, 51 O.O. 30, 113 N.E.2d 625, paragraph one of the syllabus. Accordingly, not only is Bedford's sentence void, it follows that the journal entry in which the court attempted to impose that sentence is also void.

## JURISDICTION REVISITED

■ {¶ 9} Having concluded that the trial court's journal entry is void, this court must determine the effect of that conclusion. In particular, this court must determine whether it can consider Bedford's assignments of error regarding his

convictions in this appeal or whether it must wait to consider them following a valid journal entry.

{¶ 10} " ' "The effect of determining that a judgment is void is well established. It is as though such proceedings had never occurred; the judgment is a mere nullity and the parties are in the same position as if there had been no judgment." (Citations omitted)' " *State v. Bloomer,* 122 Ohio St.3d 200, 2009-Ohio-2462, 909 N.E.2d 1254, at ¶ 27, quoting *State v. Bezak,* 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, at ¶ 12, quoting *Romito v. Maxwell* (1967), 10 Ohio St.2d 266, 267–268, 39 O.O.2d 414, 227 N.E.2d 223. Taking the Supreme Court at its word, this court must act as if the journal entry containing Bedford's void sentence "had never occurred" and "as if there had been no judgment." Id., quoting *Bezak,* 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, at ¶ 12. This court must therefore reevaluate its jurisdiction over the appeal in light of the fact that "there ha[s] been no judgment." Id., quoting *Bezak,* 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, at ¶ 12.

{¶ 11} As noted previously, the Ohio Constitution restricts an appellate court's jurisdiction over trial court decisions to the review of final orders. Section 3(B)(2), Article IV, Constitution. While a judgment of conviction qualifies as a final order if it contains the requirements identified in *State v. Baker,* 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, if there has been no judgment, then there is no final order. Accordingly, since the trial court's journal entry is void because it included a mistake regarding postrelease control, this court concludes that there is no final, appealable order. To the extent that this court's decision in *State v. Vu,* 9th Dist. Nos. 07CA0094–M, 07CA0095–M, 07CA0096–M, 07CA0107–M, and 07CA0108–M, 2009-Ohio-2945, 2009 WL 1743200, is inconsistent with that conclusion, it is overruled.

## INHERENT POWER OF THE COURT

{¶ 12} Although the trial court's void journal entry may not be a final, appealable order, that does not end this court's analysis. While this court may not have jurisdiction under R.C. 2505.02(B), the Ohio Supreme Court has "recognized the inherent power of courts to vacate void judgments." *Cincinnati School Dist. Bd. of Edn. v. Hamilton Cty. Bd. of Revision* (2000), 87 Ohio St.3d 363, 368, 721 N.E.2d 40. "A court has inherent power to vacate a void judgment because such an order simply recognizes the fact that the judgment was always a nullity." *Van DeRyt v. Van DeRyt* (1966), 6 Ohio St.2d 31, 36, 35 O.O.2d 42, 215 N.E.2d 698. If an appellate court is exercising its inherent power to vacate a void judgment, it does not matter whether the notice of appeal was timely filed or whether there is a final, appealable order. *Card v. Roysden* (June 7, 1996), 2d Dist. No. 95 CA 108, 1996 WL 303571, at *1; see *Reed v. Montgomery Cty. Bd. of*

*Mental Retardation & Developmental Disabilities* (Apr. 27, 1995), 10th Dist. No. 94APE10–1490, 1995 WL 250810, at *3 (concluding that if an entry is void ab initio, "[w]hether or not the * * * entry constitutes a final appealable order does not affect appellant's ability to appeal the matter").

{¶ 13} Exercising this court's inherent power to vacate the trial court's void judgment is consistent with the instructions of the Ohio Supreme Court. In *State v. Jordan,* 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, it held, "When a trial court fails to notify an offender about postrelease control * * * it fails to comply with the mandatory provisions of R.C. 2929.19(B)(3)(c) and (d), and, therefore, the sentence must be vacated and the matter remanded to the trial court for resentencing." Id. at paragraph two of the syllabus. In *State v. Simpkins,* 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, it noted that "[b]ecause a sentence that does not conform to statutory mandates requiring the imposition of postrelease control is a nullity and void, it must be vacated." Id. at ¶ 22. Furthermore, in *State v. Foster,* 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, it noted that "[if] a sentence is deemed void, the ordinary course is to vacate that sentence and remand to the trial court for a new sentencing hearing." Id. at ¶ 103, citing *Jordan,* 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, at ¶ 23.

{¶ 14} Although this court has inherent power to vacate a void judgment, its power is limited to recognizing that the judgment is a nullity. It does not have authority to consider the merits of Bedford's appeal. See *Steel Co. v. Citizens for a Better Environment* (1998), 523 U.S. 83, 95, 118 S.Ct. 1003, 140 L.Ed.2d 210 (noting that if the trial court's action exceeds its jurisdiction, "we have jurisdiction on appeal, not of the merits but merely for the purpose of correcting the error of the lower court * * *"), quoting *Arizonans for Official English v. Arizona* (1997), 520 U.S. 43, 73, 117 S.Ct. 1055, 137 L.Ed.2d 170.

## CONCLUSION

{¶ 15} Because the trial court's journal entry included a mistake regarding postrelease control, it is void. This court exercises its inherent power to vacate the journal entry and remands this matter to the trial court for a new sentencing hearing.

Judgment vacated
and cause remanded.

WHITMORE and BELFANCE, JJ., concur.

WHITMORE, Judge, concurring.

{¶ 16} I concur with the majority opinion. I write separately to address this court's decision in *State v. Vu,* 9th Dist. Nos. 07CA0094–M, 07CA0095–M, 07CA0096–M, 07CA0107–M, and 07CA0108–M, 2009-Ohio-2945, 2009 WL 1743200. *Vu* presented this court with several codefendants who, according to the Ohio Supreme Court's recent decisions, had void sentences because the trial court improperly advised them about postrelease control. This court's decision to review the sufficiency of the evidence supporting their convictions assured the defendants that the findings of guilt that held them in prison were supported by sufficient evidence.

{¶ 17} Unfortunately, in *Vu,* as in this case, the trial court's improper postre-lease-control notification "leads to a more serious problem, for a defendant may be caught in limbo. Unless a defendant in prison were to seek mandamus or procedendo for a trial court to prepare a new entry, appellate review of the case would be impossible." *State v. Baker,* 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, at ¶ 16. *Vu* addressed the Supreme Court's concern for a defendant caught in limbo, a valid concern, as this court has already reviewed cases in which a defendant sat in prison for many months waiting to be resentenced following reversal because of an improper postrelease-control notification. See, e.g., *State v. Roper,* 9th Dist. No. 24321, 2009-Ohio-3185, 2009 WL 1862538.

{¶ 18} This court's holding today is a logical extension of our decision in *State v. Holcomb,* 9th Dist. No. 24287, 2009-Ohio-3187, 2009 WL 1864759. It follows, therefore, that this court cannot review the sufficiency of the evidence, because there is no final order to review. I reluctantly agree that *Vu* must be overruled on that point. Of course, if the defendant's sentence were voidable, rather than void, the result in this case, and many others, would be different. The Supreme Court has held to the contrary, however, and the fear that the Supreme Court explained in *Baker* that defendants will be "caught in limbo" applies with equal force here. *Baker* at ¶ 16.

{¶ 19} I encourage the trial court in this case, and others like it, to sentence the defendant as quickly as possible. In appropriate cases, a trial court may use the remedy set forth in R.C. 2929.191 to add the missing notification to the defendant's sentence without holding another full sentencing hearing. Whatever method is used to impose a proper sentence, if a defendant desires to appeal, the defendant can file a new appeal and ask this court to transfer the briefs to the new appeal and consider it in an expedited manner. See, e.g., *State v. Miller,* 9th Dist. No. 06CA0046–M, 2007-Ohio-1353, 2007 WL 879666, at ¶ 20.

BELFANCE, Judge, concurring.

{¶ 20} I concur. I write separately to note that I also share the concerns expressed by Judge Whitmore in her concurring opinion.