[Cite as *State v. Anderson*, 2012-Ohio-2759.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | CASE NO.    11 MA 125 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | O P I N I O N |
| | ) | |
| DEVON ANDERSON, | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:         Criminal Appeal from Common Pleas
                                 Court, Case No. 11CR230.


JUDGMENT:                        Affirmed and Modified.


APPEARANCES:
For Plaintiff-Appellee:          Attorney Paul Gains
                                 Prosecuting Attorney
                                 Attorney Ralph Rivera
                                 Assistant Prosecuting Attorney
                                 21 West Boardman Street, 6th Floor
                                 Youngstown, Ohio  44503


For Defendant-Appellant:         Attorney Edward Czopur
                                 42 North Phelps Street
                                 Youngstown, Ohio  44503


JUDGES:
Hon. Joseph J. Vukovich
Hon. Gene Donofrio
Hon. Cheryl L. Waite


                                 Dated: June 13, 2012

[Cite as *State v. Anderson*, 2012-Ohio-2759.]
VUKOVICH, J.

{¶1} Defendant-appellant Devon Anderson appeals from his conviction and sentence entered in the Mahoning County Common Pleas Court for domestic violence. Appointed counsel filed a no merit brief and requested leave to withdraw. A review of the case file and brief reveals that there is one potential issue regarding the postrelease control sentence; the trial court indicated that there was a mandatory three year term of postrelease control, when the statute actually indicates that it is discretionary and up to three years. Finding no other errors, we grant appointed counsel's motion to withdraw. The conviction is affirmed. However, the sentence is affirmed in part in all respects except for the post release control sentence. The post release control sentence is modified to indicate that Anderson could be subject to up to three years of postrelease control.

## STATEMENT OF CASE

{¶2} On March 24, 2011, Anderson was indicted for domestic violence in violation of R.C. 2919.25(A) and (D), a fourth degree felony. Anderson initially pled not guilty to the offense; however he later withdrew that plea and entered a guilty plea. The state, as part of the plea agreement, agreed to recommend a six month sentence to run concurrent with the 15 month sentence he received in Case No. 09CR565 on the charge of Receiving Stolen Property. After accepting the guilty plea the trial court, with Anderson's assent, proceeded directly to sentencing. The court did not follow the state's recommendation. Rather, it imposed a six month sentence and ordered it to be served consecutively to the sentence issued in Case No. 09CR565. Anderson appeals from the conviction and sentence. Appointed counsel has filed a no merit brief asking to withdraw because there are allegedly no appealable issues. We granted a stay of execution pending appeal for the six month sentence ordered on the domestic violence conviction.

## ANALYSIS

{¶3} When appellate counsel seeks to withdraw and discloses that there are no meritorious arguments for appeal, the filing is known as a no merit or an *Anders* brief. *Anders v. California* (1967), 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493

(1967). In this district, it has also been called a *Toney* brief. *State v. Toney*, 23 Ohio App.2d 203, 262 N.E.2d 419 (7th Dist.1970).

**{¶4}** In *Toney,* this court set forth the procedure to be used when counsel of record determines that an indigent's appeal is frivolous:

**{¶5}** "3. Where court-appointed counsel, with long and extensive experience in criminal practice, concludes that the indigent's appeal is frivolous and that there is no assignment of error which could be arguably supported on appeal, he should so advise the appointing court by brief and request that he be permitted to withdraw as counsel of record.

**{¶6}** "4. Court-appointed counsel's conclusions and motion to withdraw as counsel of record should be transmitted forthwith to the indigent, and the indigent should be granted time to raise any points that he chooses, pro se.

**{¶7}** "5. It is the duty of the Court of Appeals to fully examine the proceedings in the trial court, the brief of appointed counsel, the arguments pro se of the indigent, and then determine whether or not the appeal is wholly frivolous.

**{¶8}** "* * *

**{¶9}** "7. Where the Court of Appeals determines that an indigent's appeal is wholly frivolous, the motion of court-appointed counsel to withdraw as counsel of record should be allowed, and the judgment of the trial court should be affirmed." *Id.* at syllabus.

**{¶10}** The no merit brief was filed by counsel on January 17, 2012. On January 24, 2012, this court informed Anderson of counsel's no merit brief and granted him 30 days to file his own written brief. 01/24/12 J.E. Anderson has not filed a *pro se* brief. Thus, the analysis will proceed with an independent examination of the record to determine if the appeal is frivolous.

**{¶11}** The no merit brief review identifies one potential issue for appeal: the refusal of the trial court to follow the state's recommendation to run the six month sentence concurrent with the sentence issued in Case No. 09CR565. In reviewing this possible appellate argument, counsel concludes that it has no merit and the appeal is frivolous.

**{¶12}** In addition to reviewing the issue identified by counsel, this court's independent review of the file permits us to review whether the plea was entered knowingly, intelligently and voluntarily. It also permits us to review the entire sentence to determine whether it complies with the law. Each issue will be reviewed in turn.

Plea

**{¶13}** Crim.R. 11(C) provides that a trial court must make certain advisements prior to accepting a defendant's guilty plea to ensure that the plea is entered into knowingly, intelligently and voluntarily. These advisements are typically divided into constitutional rights and nonconstitutional rights. The constitutional rights are: 1) a jury trial; 2) confrontation of witnesses against him; 3) the compulsory process for obtaining witnesses in his favor; 4) that the state must prove the defendant's guilt beyond a reasonable doubt at trial, and 5) that the defendant cannot be compelled to testify against himself. Crim.R. 11(C)(2)(c); *State v. Veney,* 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 19–21. The trial court must strictly comply with these requirements; if it fails to strictly comply, the defendant's plea is invalid. *Veney* at ¶ 31; *State v. Ballard,* 66 Ohio St.2d 473, 477, 423 N.E.2d 115 (1981).

**{¶14}** The nonconstitutional rights that the defendant must be informed of are: 1) the nature of the charges; 2) the maximum penalty involved, which includes, if applicable, an advisement on postrelease control; 3) if applicable, that the defendant is not eligible for probation or the imposition of community control sanctions, and 4) that after entering a guilty plea or a no contest plea, the court may proceed directly to judgment and sentencing. Crim.R. 11(C)(2)(a)(b); *Veney* at ¶ 10-13; *State v. Sarkozy,* 117 Ohio St.3d 86, 2008-Ohio-509, 423 N.E.2d 1224, ¶ 19–26, (indicating that postrelease control is a nonconstitutional advisement). For the nonconstitutional rights, the trial court must substantially comply with Crim.R. 11's mandates. *State v. Nero,* 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *Veney* at ¶ 15, quoting *Nero* at 108. Furthermore, a defendant who challenges his guilty plea on the

basis that the advisement for the nonconstitutional rights did not substantially comply with Crim.R. 11(C)(2)(a)(b) must also show a prejudicial effect, meaning the plea would not have been otherwise entered. *Veney* at ¶ 15, citing *Nero* at 108.

**{¶15}** The trial court's advisement on the constitutional rights strictly complied with Crim.R. 11(C)(2)(c). Anderson was informed that by pleading guilty he was waiving his right to a jury trial, to confront witnesses against him, to subpoena witnesses in his favor and to have the state prove at trial each and every element of the offense of domestic violence by proof beyond a reasonable doubt. 08/02/11 Tr. 3-4. Lastly, as to the constitutional rights, he was informed that if he went to trial he could not be compelled to testify against himself and that by pleading guilty he was giving up that right. 08/02/11 Tr. 5. Anderson indicated after the explanation of every right that he understood the right. 08/02/11 Tr. 3-5.

**{¶16}** As to the Crim.R. 11(C) advisement on the nonconstitutional rights, Anderson was advised of the charges against him, domestic violence. 08/02/11 Tr. 3. He was also correctly advised of the maximum penalty involved - 18 months in prison, 3 years of postrelease control following completion of the sentence, and a fine of $5,000. 08/02/11 Tr. 6–7. *See also* R.C. 2929.14(A)(4) (stating the maximum term for a fourth-degree felony is 18 months); R.C. 2929.18(A)(3)(d) (stating the maximum fine for a fourth-degree felony is $5,000); R.C. 2967.28(C) (indicating that a fourth-degree felony may be subject to up to three years of postrelease control).

**{¶17}** The trial court did not advise Anderson on his eligibility for probation or a community control sanction. However, it was not required to. Crim.R. 11(C) only requires an advisement if the offender is not eligible for probation or a community control sanction. The offense does not require a mandatory prison term and there is no presumption of a prison term. Thus, Anderson was eligible for probation or a community control sanction.

**{¶18}** The trial court also did not advise Anderson pursuant to Crim.R. 11(C) that after entering the guilty plea, the court could proceed directly to judgment and sentencing. However, this oversight does not affect the validity of the plea. Counsel for Anderson stated that it was Anderson's wish for the trial court to proceed

immediately to sentencing. 08/02/11 Tr. 9. Thus, since Anderson asked the trial court to proceed directly to sentencing, it can be assumed that he understood that that was a possibility. Furthermore, we cannot find any prejudicial effect from the trial court's failure to advise Anderson that it could proceed directly to sentencing; Anderson requested that the trial court immediately sentence him.

**{¶19}** Therefore, considering all the above, we find that the trial court's advisement as to the nonconstitutional rights substantially complied with Crim.R. 11(C). Furthermore, the court strictly complied with Crim.R. 11(C) when advising Anderson of the constitutional rights he was waiving by entering a guilty plea. Thus, the plea was intelligently, voluntarily, and knowingly entered. There are no appealable issues concerning the plea.

<u>Sentencing</u>

**{¶20}** We review felony sentences using both the clearly and convincingly contrary to law and abuse of discretion standards of review. *State v. Gratz,* 7th Dist. No. 08MA101, 2009–Ohio–695, ¶ 8; *State v. Gray,* 7th Dist. No. 07MA156, 2008–Ohio–6591, ¶ 17. We first determine whether the sentencing court complied with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. *Gratz* at ¶ 8, citing *State v. Kalish,* 120 Ohio St.3d 23, 2008–Ohio–4912, 896 N.E.2d 124, ¶ 13–14. Then, if it is not clearly and convincingly contrary to law, we must determine whether the sentencing court abused its discretion in applying the factors in R.C. 2929.11, R.C. 2929.12 and any other applicable statute. *Gratz* at ¶ 8, citing *Kalish* at ¶ 17.

**{¶21}** Anderson pled guilty to domestic violence, a fourth-degree felony, and the trial court sentenced him to a six month term of incarceration. 08/02/11 Tr. 13-14; 08/08/11 J.E. This sentence is within the sentencing range of 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, and 18 months that is permitted by R.C. 2929.14(A)(4) for a fourth-degree felony. Furthermore, at the sentencing hearing and in the judgment entry, the trial court indicated that it considered both R.C. 2929.11 and R.C. 2929.12 when rendering the sentence. In the Judgment Entry it stated:

**{¶22}** "The Court considered the record, oral statement, as well as the principles and purpose of sentencing under ORC § 2929.11 and balances the seriousness and recidivism factors under ORC § 2929.12. The Court finds that Defendant is not amenable to a community control sanction." 08/08/11 J.E.

**{¶23}** At the sentencing hearing, the trial court made the following statement:

**{¶24}** "Okay. Well, the Court has taken into consideration the past record of the defendant, including prior domestic violence and all the defenses and the fact that he's currently completing a term under another case, under Judge Krichbaum, 09 CR 565. Further, the Court has reviewed the purposes and principles of sentencing and the chance of recidivism, and it will be the order of the Court that the defendant will be sentenced to a six-month stay at Lorain Correctional Facility in this matter and that the sentence is to be served consecutively to the sentence impose in 09 CR 565. There will be no fine imposed. The court costs will be imposed." 08/02/11 Tr. 13-14.

**{¶25}** Thus, the trial court did consider the purposes and principles of sentencing in R.C. 2929.11, and the seriousness and recidivism factors in R.C. 2929.12 in issuing the sentence.

**{¶26}** Admittedly, there was a plea agreement between the state and Anderson that the state would recommend a six month term of incarceration that was to run concurrent with the sentence imposed in 09CR565. The trial court did not follow that recommendation. However, that does not render the sentence clearly and convincingly contrary to law or show that the trial court abused its discretion. As appellate counsel points outs, trial courts generally are not a party to the plea negotiations and the contract itself. *State v. Vari*, 7th Dist. No. 07MA142, 2010-Ohio-1300, ¶ 24. Thus, "the court is free to impose a sentence greater than that forming the inducement for the defendant to plead guilty so long as the court forewarns the defendant of the applicable penalties, including the possibility of imposing a greater sentence than that recommended by the prosecutor." *Id.*, citing *State v. Martinez,* 7th Dist. No. 03MA196, 2004-Ohio-6806, ¶ 8. That said, we have explained that once

the trial court enters into the plea agreement by making a promise, it becomes a party to the agreement and is bound by the agreement. *Vari* at ¶ 24.

{¶27} The record in this case shows that Anderson was advised and understood that the trial court was not bound by the plea agreement of six months to run concurrently with the sentence in case number 09CR565. In explaining the rights he was waiving by entering a guilty plea, the trial court advised Anderson it was not bound by the plea agreement:

{¶28} "THE COURT: Okay. The sentencing is always up to the Court. It is not up to your lawyer or up to the prosecutor. * * *

{¶29} "THE DEFENDANT: Yes.

{¶30} "THE COURT: All right. Now, you want to – you understand that the Court in sentencing you can give you up to 18 months in the penitentiary and a $5,000 fine? You understand that?

{¶31} "THE DEFENDANT: Yes.

{¶32} "THE COURT: And any sentence imposed by this Court can be what's called consecutive to any sentence impose in that 09 565 case; do you understand that?

{¶33} "THE DEFENDANT: Yes." 08/02/11 Tr. 5-6.

{¶34} Furthermore, Anderson's counsel indicated that he spoke to Anderson about the possibility of the trial court imposing the sentence consecutively to Case No. 09CR565:

{¶35} "MR. DIXON [counsel for Anderson]: * * *I did talk to Mr. Anderson prior to the sentencing and told him that, in my opinion, that there would be a likelihood that the sentence could be imposed consecutively. So he is – he's understanding and mindful of that fact." 08/02/11 Tr. 12.

{¶36} Thus, Anderson was aware that the sentence could be run consecutively to the sentence in 09CR565. Furthermore, the record is devoid of any indication that the trial court became a part of the plea negotiations. In fact the above quoted statements by the trial court imply that it had no interaction in the plea agreement that was reached between the state and Anderson. Consequently, given

the above, the trial court's decision to not follow the plea agreement does not render the sentence clearly and convincingly contrary to law nor does it demonstrate that the trial court abused its discretion in ordering the six month sentence to run consecutive to the sentence imposed in Case No. 09CR565.

{¶37} That said, there is one error that we find with the sentencing. The trial court informed Anderson that following his release from confinement he "will" be subject to three years postrelease control pursuant to R.C. 2967.28. Division (C) of that statute states:

{¶38} "Any sentence to a prison term for a felony of the third, fourth, or fifth degree that is not subject to division (B)(1) or (3) of this section shall include a requirement that the offender be subject to a period of post-release control of up to three years after the offender's release from imprisonment, if the parole board, in accordance with division (D) of this section, determines that a period of post-release control is necessary for that offender."

{¶39} Anderson is not subject to (B)(1) – (3) since those divisions apply to first, second, and third-degree felonies. Thus, by statute, Anderson can only be subject to a **discretionary** period of postrelease control that could be **up** to three years. The court's judgment stated that "he will be subject to three (3) years post release control pursuant to ORC § 2967.28." The use of the word "will" suggests it is mandatory, not discretionary. Furthermore, the trial court does not indicate that it is up to three years.

{¶40} The Ninth Appellate District in 2009 found that a sentence was void because the trial court incorrectly stated that the postrelease control for the fourth degree felony domestic violence was mandatory. *State v. Bedford*, 184 Ohio App.3d 588, 2009-Ohio-3972, 921 N.E.2d 1085, ¶ 5-8 (9th Dist.). The Ohio Supreme Court has indicated that when a "judge fails to impose statutorily mandated postrelease control as part of a defendant's sentence, that *part* of the sentence is void and must be set aside." *State v. Fischer*, 128 Ohio St. 3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 26. Thus, if the sentence as to postrelease control was not accurate that part

of the sentence is void and the trial court could correct it on remand or the appellate court may modify it. *See Fischer* at ¶ 29-30.

{¶41} In this instance, as there are no other errors in the sentencing, we choose to modify the sentence. The portion of Anderson's sentence that indicates that he is subject to a three year term of post release control is modified to indicate that Anderson's sentence includes a discretionary term of post release control of up to three years. The trial court's sentencing of Anderson to 6 months for the domestic violence conviction to run consecutive with the 15 month sentence he received in case number 09CR565 remains intact and undisturbed.

{¶42} For the foregoing reasons, the conviction is affirmed and the sentence is affirmed in part and modified in part. Counsel's motion to withdraw is granted.

Donofrio, J., concurs.
Waite, P.J., concurs.