[Cite as *State v. Mitchell*, 2016-Ohio-4956.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 103364**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## MARLENE MITCHELL

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED IN PART, AND REVERSED AND
MODIFIED IN PART

---

Criminal Appeal from the
Cuyahoga County Common Pleas Court
Case No. CR-15-594087-A

**BEFORE:** Boyle, J., E.T. Gallagher, P.J., and Stewart, J.

**RELEASED AND JOURNALIZED:** July 14, 2016

**ATTORNEY FOR APPELLANT**

Susan J. Moran
55 Public Square
Suite 1616
Cleveland, Ohio   44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:   Kerry A. Sowul
Assistant County Prosecutor
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio   44113

MARY J. BOYLE, J.:

{¶1} Defendant-appellant, Marlene Mitchell, appeals her conviction, raising the following two assignments of error:

I. The court erred in accepting appellant's guilty plea and appellant's guilty plea is void and invalid in light of the fact that the plea was not entered knowingly, voluntarily and intelligently in violation of appellant's right to due process of law under the Fourteenth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution.

II. The trial court erred when it imposed an unlawful sentence of "mandatory" post release control supervision for an offense which is only subject to discretionary supervision.

{¶2} Finding some merit to the appeal, we affirm Mitchell's conviction but reverse and modify her sentence in part as it relates to the trial court's erroneous imposition of mandatory postrelease control upon Mitchell.

A.      **Procedural History and Facts**

{¶3} In January 2015, Mitchell was indicted on the following seven counts: felonious assault, aggravated menacing, two counts of kidnapping, disrupting public services, criminal damaging or endangering, and assault. Under a plea agreement, Mitchell withdrew her not guilty plea and pleaded guilty to an amended indictment on Count 1 of aggravated assault in violation of R.C. 2903.12(A)(1) (a fourth-degree felony) and Count 6 for assault in violation of R.C. 2903.13(A) (a first-degree misdemeanor). The remaining counts of the indictment were nolled.

{¶4} Following a presentence investigation and after considering the sentencing guidelines, the trial court ultimately sentenced Mitchell to one year in prison on the

aggravated assault count and three years of community controlled sanctions on the assault count, to be served consecutively. The trial court also informed Mitchell that she would be subject to a mandatory period of three years of postrelease control following her release from prison and notified Mitchell of the ramifications if she violated the terms of her postrelease control.

## B. Guilty Plea

{¶5} In her first assignment of error, Mitchell argues that her guilty pleas were not knowingly, voluntarily, and intelligently made in compliance with Crim.R. 11(C). We disagree.

{¶6} Crim.R. 11 governs pleas and the advisements that must be given prior to accepting a plea in a criminal case, with the procedures varying based on whether the offense involved is a misdemeanor that is a petty offense, a misdemeanor that is a serious offense, or a felony. *State v. Faulkner*, 2d Dist. Champaign No. 2013-CA-43, 2015-Ohio-2059, ¶ 10, citing *State v. Jones*, 116 Ohio St.3d 211, 2007-Ohio-6093, 877 N.E.2d 677, ¶ 11, and Crim.R. 2 (defining classifications of offenses). As explained by the Ohio Supreme Court,

> For a petty offense, defined in Crim.R. 2(D) as "a misdemeanor other than [a] serious offense," the court is instructed that it "may refuse to accept a plea of guilty or no contest, and shall not accept such pleas without first informing the defendant of the effect of the plea of guilty, no contest, and not guilty." Crim.R. 11(E). If the misdemeanor charge is a serious offense, meaning that the prescribed penalty includes confinement for more than six months, Crim.R. 2(C), the court shall not accept a guilty or no contest plea "without first addressing the defendant personally and informing the defendant of the effect of the pleas of guilty, no contest, and

not guilty and determining that the defendant is making the plea voluntarily." Crim.R. 11(D).

The procedure set forth in Crim.R. 11(C)(2) for felony cases is more elaborate than that for misdemeanors. Before accepting a guilty plea in a felony case, a "trial court must inform the defendant that he is waiving his privilege against compulsory self-incrimination, his right to jury trial, his right to confront his accusers, and his right of compulsory process of witnesses." *State v. Ballard* (1981), 66 Ohio St.2d 473, 20 O.O.3d 397, 423 N.E.2d 115, paragraph one of the syllabus. In addition to these constitutional rights, the trial court is required to determine that the defendant understands the nature of the charge, the maximum penalty involved, and the effect of the plea. Crim.R. 11(C)(2)(a) and (b).

*Jones* at ¶ 11-12.

{¶7} Mitchell first challenges her guilty plea with respect to the first-degree misdemeanor assault count, which is a petty offense under Crim.R. 2(D). *See* R.C. 2929.24(A)(1) (For assault, a first-degree misdemeanor, the maximum potential jail term "shall be * * * not more than one hundred eighty days"). Mitchell argues that her plea is invalid because the trial court failed to specifically inform her that she "was facing the possibility of 180 days in jail."

The record reflects that the trial court stated the following regarding the penalty for the assault count:

That is a misdemeanor of the 1st degree. Everything that I said with regard to probation in the felony case is exactly the penalty that I can impose for misdemeanor of the 1st degree except that the fine is only up to $1,000, not the amount that I mentioned for the felony. Other than that, it's exactly the same.

{¶8} While Mitchell acknowledges that the trial court stated earlier that it could place her in the county jail up to 180 days for a probation violation of the felony count, she nonetheless argues that the trial court's explanation was confusing and insufficient to adequately inform her of the maximum penalty with respect to the assault count as required under Crim.R. 11(C)(2). Mitchell, however, confuses the trial court's duty with respect to a petty offense, which is not subject to Crim.R. 11(C)(2), but governed under Crim.R. 11(E). Thus, even *if* we agreed that the trial court's explanation was insufficient as to the maximum penalty that she faced, it is not grounds for reversal. Indeed, despite having done so, the trial court was not required to inform defendant of the maximum penalty for the misdemeanor assault count. *See State v. Hilderbrand*, 4th Dist. Adams No. 08CA864, 2008-Ohio-6526, ¶ 21 ("for misdemeanor petty offenses, there is no requirement that a trial court advise a defendant of the maximum penalty involved"). Instead, for a "petty offense" misdemeanor, such as Mitchell's assault offense, the trial court was required only to inform Mitchell of the effect of her guilty plea, i.e., that her guilty plea was a complete admission of guilt. *Jones* at ¶ 14, 25; Crim.R. 11(E).

{¶9} Next, Mitchell argues that the trial court failed to adequately state the consequences of her guilty plea with respect to the felony count, thereby rendering her plea not knowingly, intelligently, or voluntarily entered. Mitchell again challenges her

plea under Crim.R. 11(C)(2)(a), which is applicable to her felony count but involves nonconstitutional requirements.

{¶10} With respect to the nonconstitutional requirements of Crim.R. 11, set forth in Crim.R. 11(C)(2)(a) and (b), reviewing courts consider whether there was substantial compliance with the rule. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 14-17. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). "[I]f it appears from the record that the defendant appreciated the effect of his plea and his waiver of rights in spite of the trial court's error, there is still substantial compliance." *State v. Caplinger*, 105 Ohio App.3d 567, 572, 664 N.E.2d 959 (4th Dist.1995).

{¶11} Further, a defendant must show prejudice before a plea will be vacated for a trial court's error involving Crim.R. 11(C) procedure when nonconstitutional aspects of the colloquy are at issue. *Veney* at ¶ 17. The test for prejudice is whether the plea would have otherwise been made. *Id.*; *see also State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462.

{¶12} Mitchell contends that the court misled her "when the court stated it had to choose between prison and probation" in discussing the fourth-degree felony count. The record reflects that the trial court stated the following regarding the possible penalty:

> THE COURT: For sentencing on a felony of the 4th degree, I have two choices. I can put you on probation or I can put you in prison. I can't mix the two up. It is either one or the other.

If I put you on probation, I can do so up to five years, require you to participate in programs that I think would be beneficial to you and the community. And I can put you in the county jail, not prison, county jail, up to 180 days. I can also fine you up to $2,500.

Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: My only other choice would be put you in prison, and that would be for a minimum of 6 months, a maximum of 18 months, and any month in between. I can also fine you up to $2,500.

{¶13} Mitchell argues that, despite the trial court stating that it would not "mix the two up," the trial court ultimately imposed both a prison term and probation. But Mitchell misconstrues the trial court's statements with respect to the penalty for the fourth-degree felony. Here, the trial court properly advised Mitchell that she would face either a prison term or probation on that single count. The sentence imposed by the trial court is consistent with that representation. We fail to see how the trial court's explanation rendered Mitchell's plea invalid under Crim.R. 11. Moreover, we note that Mitchell does not even allege, let alone demonstrate, that she was prejudiced by these statements.

{¶14} Finding no merit to Mitchell's challenge of her guilty pleas, we overrule the first assignment of error.

## C. Postrelease Control

{¶15} In her second assignment of error, Mitchell argues that the trial court improperly imposed a mandatory three-year term of postrelease control as part of her sentence. We agree.

**{¶16}** If a defendant is subject to postrelease control, the trial court must notify him or her of postrelease control at the sentencing hearing, and must include the postrelease control terms in the sentence. *State v. Fischer*,128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 26. When a judge fails to properly impose postrelease control as part of a defendant's sentence, that part of the sentence is void and must be set aside. *Id.* However, the Ohio Supreme Court has recognized that in lieu of resentencing, R.C. 2953.08(G)(2) also provides that an appellate court may "increase, reduce or otherwise modify a sentence" to correct a defect in sentence. *Id.* at ¶ 29.

**{¶17}** Having pled guilty to a felony of the fourth degree, the applicable period of postrelease control is set forth in R.C. 2967.28(C), which provides in relevant part:

> Any sentence to a prison term for a felony of the third, fourth, or fifth degree that is not subject to division (B)(1) or (3) of this section shall include a requirement that the offender be subject to a period of post-release control of up to three years after the offender's release from imprisonment, if the parole board, in accordance with division (D) of this section, determines that a period of post-release control is necessary for that offender.

**{¶18}** Despite Mitchell being subject to a discretionary period of up to three years of postrelease control, the record reflects that the trial court directly imposed a mandatory term of postrelease control both at the sentencing hearing and in the journal entry. As a result of this error, we sustain Mitchell's second assignment of error. We do not agree, however, that a remand for a limited sentencing hearing on postrelease control is necessary in this case.

**{¶19}** In *State v. Hunter*, 8th Dist. Cuyahoga No. 92032, 2009-Ohio-4194, this court addressed a similar situation in which the trial court sentenced the defendant to a mandatory three-year period of postrelease control for charges that were felonies of the fifth degree. We held that the trial court usurped the authority of the Adult Parole Authority that should have been the entity to determine whether appellant would be subject to postrelease control pursuant to R.C. 2967.28. *Id.* at ¶ 29. Instead of remanding the case to the trial court to correct, however, we exercised our authority under R.C. 2953.08(G)(2) and chose to modify it by vacating the trial court's order imposing three years of postrelease control. *Id.*

**{¶20}** Consistent with *Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, other courts have also chosen to modify an appellant's sentence that contains an inaccurate pronouncement related to postrelease control, such as the defect contained in the case, in lieu of remanding for a limited sentencing hearing. *See, e.g., State v. Anderson*, 7th Dist. Mahoning No. 11 MA 125, 2012-Ohio-2759, ¶ 41; *State v. Flanagan*, 5th Dist. Licking No. 11-CA-83, 2012-Ohio-1516, ¶ 24; *State v. Bedford*, 184 Ohio App.3d 588, 2009-Ohio-3972, 921 N.E.2d 1085, ¶ 5-8 (9th Dist.).

**{¶21}** Here, consistent with *Hunter* and *Fischer*, we choose to do the same and modify the sentence in accordance with R.C. 2953.08(G)(2), vacating the trial court's order imposing a mandatory three years of postrelease control and leaving that determination to the discretion of the Adult Parole Authority.

**{¶22}** Accordingly, Mitchell's conviction is affirmed, and the sentence is affirmed

in part and modified in part to indicate that Mitchell's sentence includes a discretionary term of postrelease control of up to three years.

It is ordered that the appellee and appellant share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY J. BOYLE, JUDGE

EILEEN T. GALLAGHER, P.J., and
MELODY J. STEWART, J., CONCUR