[Cite as *State v. Flanagan*, 2012-Ohio-1516.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. W. Scott Gwin, J. |
| | : | Hon. Julie A. Edwards, J. |
| -vs- | : | |
| | : | Case No. 11-CA-83 |
| MICHAEL FLANAGAN | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Licking County Court of
                             Common Pleas, Case No. 11 CR 050



JUDGMENT:                     AFFIRMED IN PART; REVERSED IN
                             PART AND SENTENCE MODIFIED



DATE OF JUDGMENT ENTRY:       March 28, 2012



APPEARANCES:

For Appellant:                        For Appellee:

WILLIAM T. CRAMER                     KENNETH OSWALT
470 Olde Worthington Rd., Ste. 200    LICKING COUNTY PROSECUTOR
Westerville, OH 43082
                                      CHRISTOPHER REAMER
                                      20 South Second St., 4th Floor
                                      Newark, OH 43055

*Delaney, J.*

{¶1} Defendant-Appellant Michael Flanagan appeals from the sentence imposed by the Licking County Court of Common Pleas upon his conviction for one count of receiving stolen property in an amount greater than $500 and less than $5,000. Plaintiff-Appellee is the State of Ohio.

## FACTS AND PROCEDURAL HISTORY

{¶2} This case arose on January 12, 2011 when workers at Crispin's Auto Wrecking discovered that approximately 200 pounds of copper were missing from their scrap yard. The missing copper, graded "number one" (or highest quality), had disappeared sometime the night before.

{¶3} Crispin's employees immediately called other local scrap yards in search of the missing copper. They discovered that Appellant had turned in almost 200 pounds of number-one copper that morning at Legend Smelting & Recycling, Inc. Legend employees identified appellant as the customer who brought in the copper and was paid $568.40. Legend set aside this copper and it was later identified as the stolen copper due to its distinctive cut marks.

{¶4} Crispin's contacted the Licking County Sheriff's Department. Upon investigation, appellant stated that he found the copper in the woods.

{¶5} Appellant was charged by indictment with one count of receiving stolen property in violation of R.C. 2913.51(A). The value of the property is $500 or more but less than $5000, and the offense is therefore a felony of the fifth degree.

{¶6} Appellant entered a plea of not guilty and the case proceeded to trial by jury. At the conclusion of the trial, the jury found Appellant guilty as charged, and the

trial court sentenced him to a prison term of one year, in addition to a period of three years of post-release control.

{¶7}   Appellant appeals from his conviction and sentence.

{¶8}   Appellant raises two Assignments of Error:

{¶9}   "I.  THE TRIAL COURT ABUSED ITS DISCRETION BY IMPOSING A MAXIMUM TERM WHEN THIS CASE DID NOT INVOLVE THE WORST FORM OF THE OFFENSE OR THE WORST OFFENDER."

{¶10} "II.   THE TRIAL COURT VIOLATED R.C. 2967.28 BY IMPOSING THREE YEARS OF POST-RELEASE CONTROL AT SENTENCING."

I.

{¶11} In his first assignment of error, Appellant contends that the trial court abused its discretion in sentencing him to a maximum term.  We disagree.

{¶12} Appellant was sentenced on August 4, 2011.  The version of R.C. 2929.14(C) in effect at that time stated in pertinent part:

> * * * [T]he court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section.

Appellant asserts that the trial court abused its discretion in sentencing him to a maximum term because the instant case does not represent "the worst form of the

offense," and appellant is not an offender who "pose[s] the greatest likelihood of committing future crimes." We find, however, that the sentence was within the statutory range and the trial court's decision to impose the maximum sentence was not unreasonable, arbitrary, or unconscionable.

{¶13} We begin with the well-established principle that in reviewing felony sentences, we must use a two-step approach. "First, [we] must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If this first prong is satisfied, the trial court's decision in imposing the term of imprisonment shall be reviewed under and abuse of discretion standard." *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶26. An abuse of discretion is "more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶14} Additionally, although mandatory judicial fact-finding has been eliminated, trial courts must still consider the general guidance factors of R.C. 2929.11 and 2929.12. *See, State v. Wells*, 5th Dist. No. 2009 CA 00168, 2010-Ohio-3126, ¶74; *State v. McConnell*, 5th Dist. No. 09 CA 12, 2009-Ohio-5998, ¶18.

{¶15} Appellant was convicted of one count of receiving stolen property, a felony of the fifth degree, which is punishable by a prison term of six, seven, eight, nine, ten, eleven, or twelve months. R.C. 2929.14(A)(5). It was within the trial court's discretion to consider any penalty within the range as long as the penalty was considered in light of the factors listed in R.C. 2929.11 and 2929.12.

{¶16} The trial court indicated that it had considered the purposes and principles of sentencing as required by R.C. 2929.11 and the seriousness and recidivism factors set forth in R.C. 2929.12.

{¶17} Appellant asserts, however, that the offense at issue "barely" qualified as a felony in terms of the value, the property was recovered, and no violence occurred. Nevertheless, as appellant admitted, he has a prior felony conviction for "grand theft of a chemical and…manufacturing of methamphetamines." The trial court could reasonably conclude that the maximum sentence was appropriate under the circumstances.

{¶18} We conclude that the trial court's attitude was not unreasonable, arbitrary, unconscionable, or otherwise an abuse of discretion in sentencing appellant to a maximum term.

{¶19} Appellant's first assignment of error is overruled.

II.

{¶20} Appellant argues in his second assignment of error that the trial court erred in "unilaterally" imposing a period of three years of postrelease control because postrelease control for a fifth-degree felony is discretionary based upon the determination of the parole board. We agree.

{¶21} In regard to postrelease control, the trial court stated:

Upon release I'll also impose three years of post-release control. If you violate the terms of post-release control, you're subject to being returned to the penitentiary for nine months or, for repeated violations, one and a half years. Should any violation itself constitute a new felony, you could be both returned

to the penitentiary for one year or the total amount of post-release control time remaining, whichever is greater, in addition to receiving a new prison term for any new type of felony offense.

Appellant asserts that the trial court violated R.C. 2967.28(C), which states in pertinent part: "Any sentence to a prison term for a felony of the * * * fifth degree * * * shall include a requirement that the offender be subject to a period of post-release control of up to three years after the offender's release from imprisonment, if the parole board * * * determines that a period of post-release control is necessary for that offender."

{¶22} In *State v. Bezak,* the Ohio Supreme Court held that when "postrelease control is not properly included in a sentence for a particular offense, the sentence for that offense is void." 114 Ohio St.3d 94, 2007-Ohio-3250, syllabus. Subsequently, in *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6230, the court modified *Bezak* to reflect that the sentence is only void in part and the defendant is entitled to a new sentencing hearing limited to the proper imposition of postrelease control. However, the court stated in lieu of resentencing, R.C. 2953.08(G)(2) also provides that an appellate court may "increase, reduce *or* otherwise modify a sentence" to correct a defect in sentence. *Id.* at ¶ 29.

{¶23} The Eighth District Court of Appeals has addressed a similar situation in which a defendant was sentenced by a trial court to a three-year period of postrelease control for charges that were felonies of the fifth degree. In *State v. Hunter*, 8th Dist. No. 92032, 2009-Ohio-4194, the appellate court held the trial court usurped the authority of the Adult Parole Authority which should have been the entity to determine

whether appellant would be subject to postrelease control pursuant to R.C. 2967.28. *Id.* at ¶ 29.

{¶24} Likewise, in this case, the trial court directly imposed discretionary postrelease control upon appellant and in doing so, specifically overrode the parole board's statutory discretion under R.C. 2967.28.  Therefore, we hold the trial court did err in sentencing appellant and this court may correct the defect upon direct appeal pursuant to R.C. 2953.08(G)(2).  *Fischer*, supra.

{¶25} The sentence of the Licking County Court of Appeals is affirmed, in part, and reversed, in part, and pursuant to R.C. 2953.08(G)(2) the sentence is modified to vacate the court's order imposing three years of postrelease control and to leave that determination to the discretion of the Adult Parole Authority.

By: Delaney, P.J.

Gwin, J. and

Edwards, J. concur.

HON. PATRICIA A. DELANEY

HON. W. SCOTT GWIN

HON. JULIE A. EDWARDS

[Cite as *State v. Flanagan*, 2012-Ohio-1516.]

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| MICHAEL FLANAGAN | : | |
| | : | |
| | : | Case No. 11-CA-83 |
| Defendant-Appellant | : | |

For the reasons stated in our accompanying Opinion on file, the judgment of the Licking County Court of Common Pleas is affirmed, in part, and reversed, in part, and the sentence modified in accordance with our Opinion. Costs assessed equally to the parties.

_____
HON. PATRICIA A. DELANEY

_____
HON. W. SCOTT GWIN

_____
HON. JULIE A. EDWARDS