[Cite as *State v. Lewis*, 2013-Ohio-892.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | CASE NO.     12 MA 107 |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| VS. | ) | O P I N I O N |
| | ) | |
| JOSEPH LEWIS, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |


CHARACTER OF PROCEEDINGS:           Criminal Appeal from Common Pleas
                                    Court, Case No. 12CR203.


JUDGMENT:                           Affirmed in part; Reversed and
                                    Remanded in part.


APPEARANCES:
For Plaintiff-Appellee:             Attorney Paul Gains
                                    Prosecuting Attorney
                                    Attorney Ralph Rivera
                                    Assistant Prosecuting Attorney
                                    21 West Boardman Street, 6th Floor
                                    Youngstown, Ohio  44503


For Defendant-Appellant:            Attorney Julie Walko
                                    6600 Summit Drive
                                    Canfield, Ohio  44406


JUDGES:
Hon. Joseph J. Vukovich
Hon. Gene Donofrio
Hon. Cheryl L. Waite


                                    Dated: March 8, 2013

VUKOVICH, J.

{¶1}   Defendant-appellant Joseph Lewis appeals from his conviction and sentence entered in the Mahoning County Common Pleas Court for domestic violence.  Appointed counsel filed a no merit brief and requested leave to withdraw.  Although there are no appealable issues regarding the plea and counsel's performance, there is one appealable issue regarding sentencing.  While Lewis' 16-month sentence for the domestic violence conviction is not contrary to law and does not constitute an abuse of discretion, the portion of Lewis' sentence that indicates that he is subject to a three year term of postrelease control is incorrect.  Pursuant to R.C. 2967.28(C), the parole board may subject Lewis to a discretionary period of postrelease control that could be up to three years.  Thus, the matter is affirmed in part, and reversed and remanded in part.  The conviction and imposition of the 16-month prison sentence is affirmed.  However, the portion of the sentence regarding postrelease control is reversed and the matter is remanded to the trial court for resentencing.   Upon remand, resentencing is limited to the postrelease control sentence.  *State v. Fischer*, 128 Ohio St.3d 92, 2010 -Ohio- 6238, 942 N.E.2d 332. The trial court is instructed to advise Lewis that upon his release from prison he may be subject to a discretionary period of postrelease control, as determined by the parole board, which can be up to three years.  Counsel's motion to withdraw is granted.

Statement of Case

{¶2}   On March 22, 2012, Lewis was indicted for domestic violence in violation of R.C. 2919.25(A) and (D), a fourth-degree felony.   The indictment indicated that Lewis had a previous conviction in Girard Municipal Court for domestic violence in 2011.  Lewis initially pled not guilty to the instant offense; however, he later withdrew that plea and entered a guilty plea.  The state, as part of the plea agreement, agreed to recommend a community control sanction with anger management counseling, that he attend parenting classes, that he attend AA classes, that he obtain his GED, and that he does not drink.  After accepting the

guilty plea the trial court ordered a presentence investigation report (PSI) and set sentencing for a later date.

**{¶3}** At sentencing, after reviewing the PSI, the trial court chose to not follow the state's recommendation. Rather, it imposed a 16-month sentence. Lewis appeals from the conviction and sentence. Appointed counsel has filed a no merit brief asking to withdraw because there are allegedly no appealable issues.

<u>Analysis</u>

**{¶4}** When appellate counsel seeks to withdraw and discloses that there are no meritorious arguments for appeal, the filing is known as a no merit brief or an *Anders* brief. *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). In this district it has also been called a *Toney* brief. *State v. Toney,* 23 Ohio App.2d 203, 262 N.E.2d 419 (7th Dist.1970).

**{¶5}** In *Toney,* this court set forth the procedure to be used when counsel of record determines that an indigent's appeal is frivolous:

3. Where court-appointed counsel, with long and extensive experience in criminal practice, concludes that the indigent's appeal is frivolous and that there is no assignment of error which could be arguably supported on appeal, he should so advise the appointing court by brief and request that he be permitted to withdraw as counsel of record.

4. Court-appointed counsel's conclusions and motion to withdraw as counsel of record should be transmitted forthwith to the indigent, and the indigent should be granted time to raise any points that he chooses, pro se.

5. It is the duty of the Court of Appeals to fully examine the proceedings in the trial court, the brief of appointed counsel, the arguments pro se of the indigent, and then determine whether or not the appeal is wholly frivolous.

* * *

7. Where the Court of Appeals determines that an indigent's appeal is wholly frivolous, the motion of court-appointed counsel to withdraw as counsel of record should be allowed, and the judgment of the trial court should be affirmed.

*Id.* at syllabus.

**{¶6}** The no merit brief was filed by counsel on August 20, 2012. Approximately one week later, this court informed Lewis of counsel's no merit brief and granted him 30 days to file his own written brief; thus his brief was due on September 27, 2012. 08/28/12 J.E. Lewis has not filed a *pro se* brief. The no merit brief review identifies three potential issues for appeal: 1) whether the plea was entered into knowingly, intelligently, or voluntarily; 2) whether the sentence was an abuse of discretion and/or clearly and convincingly contrary to law; and 3) whether trial counsel's representation amounted to ineffective assistance of counsel. In reviewing these possible appellate arguments, counsel concludes that they have no merit and the appeal is frivolous.

**{¶7}** The potential issues identified by counsel are the only issues that could possibly be raised in this appeal. Thus, we will review each issue in turn.

Plea

**{¶8}** Crim.R. 11(C) provides that a trial court must make certain advisements prior to accepting a defendant's guilty plea to ensure that the plea is entered into knowingly, intelligently and voluntarily. These advisements are typically divided into constitutional rights and nonconstitutional rights. There are five constitutional rights that the trial court must advise the defendant that he is waiving by entering the plea: 1) the right to a jury trial, 2) the right to confront witnesses against him, 3) the right to the compulsory process for obtaining witnesses in his favor, 4) that the state must prove the defendant's guilt beyond a reasonable doubt at trial, and 5) that the defendant cannot be compelled to testify against himself. Crim.R. 11(C)(2)(c); *State v. Veney,* 120 Ohio St.3d 176, 2008–Ohio–5200, 897 N.E.2d 621, ¶ 19–21. The trial court must strictly comply with these requirements; if it fails to strictly comply, the defendant's plea is invalid. *Veney* at ¶ 31.

**{¶9}** Additionally, the defendant must also be advised of four nonconstitutional rights: 1) the nature of the charges; 2) the maximum penalty involved, which includes, if applicable, an advisement on postrelease control; 3) if applicable, that the defendant is not eligible for probation or the imposition of community control sanctions; and 4) that after entering a guilty plea or a no contest plea, the court may proceed directly to judgment and sentencing. Crim.R. 11(C)(2)(a)(b); *Veney* at ¶ 10–13; *State v. Sarkozy,* 117 Ohio St.3d 86, 2008–Ohio–509, 423 N.E.2d 1224, ¶ 19–26, (indicating that postrelease control is a nonconstitutional advisement). For the nonconstitutional rights, the trial court must substantially comply with Crim.R. 11's mandates. *State v. Nero,* 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *Veney* at ¶ 15, quoting *Nero* at 108. Furthermore, a defendant who challenges his guilty plea on the basis that the advisement for the nonconstitutional rights did not substantially comply with Crim.R. 11(C)(2)(a)(b) must also show a prejudicial effect, meaning the plea would not have been otherwise entered. *Veney* at ¶ 15, citing *Nero* at 108.

**{¶10}** The trial court's advisement on the constitutional rights strictly complied with Crim.R. 11(C)(2)(c). Lewis was informed and indicated that he understood that by pleading guilty he was waiving his right to a jury trial, to confront witnesses against him, to subpoena witnesses in his favor and to have the state prove at trial each and every element of the offense of domestic violence by proof beyond a reasonable doubt. 04/10/12 Tr. 4-5. He was also informed that if he went to trial he could not be compelled to testify against himself and that by pleading guilty he was giving up that right. 04/10/12 Tr. 5-6.

**{¶11}** As to the Crim.R. 11(C) advisement on the nonconstitutional rights, Lewis was advised of the charges against him, domestic violence. 04/10/12 Tr. 3. He was also correctly advised that the maximum penalty for the offense is 18 months in prison, 3 years of postrelease control following completion of the sentence, and a fine of $5,000. 04/10/12 Tr. 6–7. *See also* R.C. 2929.14(A)(4) (18 months is the

maximum term for a fourth-degree felony); R.C. 2929.18(A)(3)(d) (maximum fine for a fourth-degree felony is $5,000); R.C. 2967.28(C) (a fourth-degree felony may be subject to up to three years of postrelease control). He was also advised that although the trial court was going to set sentencing for a later date, the trial court had the authority and could immediately proceed to sentencing after accepting Lewis' guilty plea. 04/10.12 Tr. 6.

**{¶12}** The trial court did not advise Lewis on his eligibility for probation or a community control sanction. However, it was not required to. Crim.R. 11(C) only requires an advisement if the offender is not eligible for probation or a community control sanction. The offense does not require a mandatory prison term and there is no presumption of a prison term. R.C. 2919.25. Thus, Lewis was eligible for probation or a community control sanction.

**{¶13}** Considering all the above, we find that the trial court's advisement as to the nonconstitutional rights substantially complied with Crim.R. 11(C). Furthermore, the court strictly complied with Crim.R. 11(C) when advising Lewis of the constitutional rights he was waiving by entering a guilty plea. Thus, the plea was intelligently, voluntarily, and knowingly entered. There are no appealable issues concerning the plea.

<u>Sentencing</u>

**{¶14}** We review felony sentences using both the clearly and convincingly contrary to law and abuse of discretion standards of review. *State v. Gratz,* 7th Dist. No. 08MA101, 2009–Ohio–695, ¶ 8; *State v. Gray,* 7th Dist. No. 07MA156, 2008–Ohio–6591, ¶ 17. We first determine whether the sentencing court complied with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. *Gratz* at ¶ 8, citing *State v. Kalish,* 120 Ohio St .3d 23, 2008–Ohio–4912, 896 N.E.2d 124, ¶ 13–14. Then, if it is not clearly and convincingly contrary to law, we must determine whether the sentencing court abused its discretion in applying the factors in R.C. 2929.11, R.C. 2929.12 and any other applicable statute. *Gratz* at ¶ 8, citing *Kalish* at ¶ 17.

{¶15} Lewis pled guilty to domestic violence, a fourth-degree felony; the trial court sentenced him to a 16-month term of incarceration. 05/31/11 Tr. 7; 06/05/12 J.E. This sentence is within the sentencing range of 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, and 18 months that is permitted by R.C. 2929.14(A)(4) for a fourth-degree felony. Furthermore, in the judgment entry, the trial court indicated that it considered both R.C. 2929.11 and R.C. 2929.12 when rendering the sentence:

> The Court considered the record, presentence investigation report, oral statements and the principles and purposes of sentencing under Ohio Revised Code § 2929.11, and balances the seriousness and recidivism factors under Ohio Revised Code § 2929.12. The Court finds that Defendant is not eligible for a community control sanction.

06/05/11 J.E.

{¶16} In considering the record, presentence investigation report and the factors listed in R.C. 2929.11 and 2929.12, the trial court did not abuse its discretion in declining to follow the prosecutor's recommendation and in ordering a 16-month sentence. The transcript of the sentencing hearing clearly indicates that the trial court considered the recommendation of the prosecutor. The record before this court confirms the trial court's conclusion that, given Lewis' history, a community control sanction was not warranted. As the trial court noted, Lewis has a lengthy criminal record. The PSI verifies that he had at least 21 prior misdemeanor convictions, which includes one prior domestic violence conviction, two prior assault convictions and multiple disorderly conduct convictions. He also has a prior felony conviction. In addition to those convictions, he has had at least 13 traffic convictions and approximately 9 traffic cases dismissed. Furthermore, the PSI shows that he has been placed on probation or given a community control sanction approximately 15 times before and has had at least 3 probation violations. The PSI also indicates that the victim, Lewis' girlfriend, suffered serious physical harm and that their children were present during the altercation. Thus, given this record, recidivism is more likely than less likely, the crime is more serious as opposed to less serious, and Lewis is not amenable to a community control sanction.

**{¶17}** Consequently, considering all the above, the 16-month sentence is not contrary to law or an abuse of discretion.

**{¶18}** That said, there are two incorrect statements that occurred in sentencing. The first concerns the postrelease control sentence issued. R.C. 2967.28(C), the statute on postrelease control states:

Any sentence to a prison term for a felony of the third, fourth, or fifth degree that is not subject to division (B)(1) or (3) of this section shall include a requirement that the offender be subject to a period of post-release control of up to three years after the offender's release from imprisonment, if the parole board, in accordance with division (D) of this section, determines that a period of post-release control is necessary for that offender.

R.C. 2967.28(C).

**{¶19}** Lewis was convicted of a fourth-degree felony and therefore, he is not subject to (B)(1) or (3) since those divisions apply to first, second, and third-degree felonies. Thus, by statute, the **parole board** has the **discretion** to subject Lewis to a period of postrelease control that could be **up** to three years. In the sentencing judgment entry, the trial court informed Lewis that "he is subject to three (3) years of postrelease control". 06/05/12 J.E.

**{¶20}** The Ninth Appellate District in 2009 found that a sentence was void because the trial court incorrectly stated that the postrelease control for the fourth-degree felony domestic violence was mandatory. *State v. Bedford,* 184 Ohio App.3d 588, 2009–Ohio–3972, 921 N.E.2d 1085, ¶ 5–8 (9th Dist.). Recently the Fifth Appellate District has held that when a trial court directly imposes discretionary postrelease control upon an offender it errs, because in imposing the discretionary period, the court is overriding the parole board's statutory discretion under R.C. 2967.28(C). *State v. Flanagan*, 5th Dist. No. 11-CA-83, 2012-Ohio-1516, ¶ 23-24. Thus, since the judgment entry in the case at hand does not include the "up to" language and does not indicate that the imposition of the postrelease control term is

within the parole board's discretion, the trial court erred in imposing the postrelease control sentence that it did.

**{¶21}** The Ohio Supreme Court has indicated that when a "judge fails to impose statutorily mandated postrelease control as part of a defendant's sentence, that *part* of the sentence is void and must be set aside." *State v. Fischer,* 128 Ohio St.3d 92, 2010–Ohio–6238, 942 N.E.2d 332, ¶ 26. Thus, since the sentence as to postrelease control is incorrect that part of the sentence is void and the sentence must be corrected upon remand. *See Fischer* at ¶ 29–30.

**{¶22}** Consequently, considering the above there is an appealable issue regarding the sentence.

**{¶23}** The second incorrect statement is the trial court's statement in its sentencing judgment entry that Lewis is "not eligible for a community control sanction." 06/05/12 J.E. As referenced above, given the crime he committed he was eligible to receive a community control sanction. However, when considering the record and recommendations of the probation department in the presentence investigation report, he was not amenable to receiving a community control sanction. Although the trial court's statement that Lewis is not eligible for a community control sanction does not necessarily affect the sentence, and does not constitute reversible error, since we are already remanding the matter for resentencing on the postrelease control issue, the trial court should correct the misstatement.

**{¶24}** In conclusion, for the reasons expressed above, the postrelease control sentence must be reversed and the matter remanded to the trial court for resentencing on that issue.

<u>Counsel's Performance</u>

**{¶25}** The next potential issue is trial counsel's performance. To prove an allegation of ineffective assistance of counsel, the two-prong *Strickland* test must be met. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984). First, it must be established that counsel's performance fell below an objective standard of reasonable representation. *Id.* at 687; *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraph two of the syllabus. Second, it must be shown that

defendant was prejudiced by counsel's deficient performance. *Strickland* at 687. Or, in other words, it must be shown that but for counsel's errors the result of the trial would have been different. *Bradley*, at paragraph three of the syllabus. If this court finds that either prong fails, there is no need to analyze the remaining prong because in order for ineffective assistance of counsel to be shown, both prongs must be established by the appellant. *State v. Herring,* 7th Dist. No. 06JE8, 2007–Ohio–3174, ¶ 43.

**{¶26}** Lewis had two different attorneys, one for the plea hearing and a different one for the sentencing hearing. Lewis indicated that he was satisfied with both of his counsels' representation. 05/31/12 Tr. 4. Nothing in the record indicates that the attorneys were deficient in their performance and/or that prejudice resulted from a deficient performance. Admittedly, counsel did not mention Lewis' prior record at the change of plea hearing. However, that was not deficient performance and/or resulted in prejudice. There is no requirement that counsel must mention a defendant's record at the change of plea hearing. Furthermore, in order to be entitled to a community control sanction a PSI had to be performed. R.C. 2951.03. That investigation would disclose all priors and would be before the court for sentencing. It is during the sentencing hearing that counsel gets the opportunity to object to any inaccurate findings in the PSI. R.C. 2951.03. Thus, waiting until the sentencing hearing to discuss priors does not amount to prejudice.

**{¶27}** Furthermore, the fact that the trial court opted to not follow the plea agreement does not show a deficient performance on the part of counsel. Lewis was more than adequately advised that the trial court was not bound by the plea agreement and could sentence him to any sentence within the applicable sentencing range. 04/10/12 Tr. 6. Therefore, there are no appealable issues regarding counsel's performance.

## Conclusion

**{¶28}** For the foregoing reasons, the judgment of the trial court is affirmed in part, and reversed and remanded in part. There are no appealable issues concerning Lewis' conviction or the imposition of the 16-month prison term.

Therefore, that portion of the trial court's decision is affirmed. However, there is an appealable issue regarding the trial court's postrelease control sentence. Thus, that portion of the sentence is reversed and remanded with instructions for the trial court to properly sentence Lewis to postrelease control under R.C. 2967.28(C). Appellate counsel's motion to withdraw is granted.

Donofrio, J., concurs.
Waite, J., concurs.