[Cite as *State v. Fleischer*, 2017-Ohio-7762.]

STATE OF OHIO, JEFFERSON COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | CASE NO. 16 JE 0011 |
| VS. | ) | |
| | ) | OPINION |
| CHANNE FLEISCHER | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS: Criminal Appeal from the Court of Common Pleas of Jefferson County, Ohio
Case No. 15 CR 22

JUDGMENT: Affirmed in part.
Reversed and remanded in part.

APPEARANCES:
For Plaintiff-Appellee

Attorney Jane Hanlin
Jefferson County Prosecutor
16001 State Route 7
Steubenville, Ohio 43952

For Defendant-Appellant

Attorney Rhys Cartwright-Jones
42 North Phelps Street
Youngstown, Ohio 44503-1130

JUDGES:

Hon. Mary DeGenaro
Hon. Gene Donofrio
Hon. Carol Ann Robb

Dated: September 21, 2017

DeGENARO, J.

**{¶1}** Defendant–Appellant, Channe M. Fleischer, appeals the trial court judgment convicting her of one count of aggravated murder and two counts of endangering children and sentencing her accordingly. Appointed appellate counsel for Fleischer has filed a no-merit brief and a request to withdraw as counsel pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.E.2d 493 (1967), and *State v. Toney*, 23 Ohio App.2d 203, 262 N.E.2d 419 (1970).

**{¶2}** Although there are no appealable issues regarding the plea, there is one appealable issue regarding sentencing, namely, the trial court should have imposed a three-year mandatory term of post-release control, not a five-year term. Thus, Fleischer's convictions and the imposition of the life without the possibility of parole for 20 years sentence is affirmed. However, the portion of the sentence regarding post-release control is reversed and the matter remanded to the trial court for a limited resentencing regarding post-release control. *See State v. Lewis*, 7th Dist. No. 12 MA 107, 2013-Ohio-892, ¶ 1 (applying this procedure in an *Anders* case with a clear post-release control error; not requiring the issue to be briefed.)

### Facts and Procedural History

**{¶3}** The grand jury indicted Fleischer on one count of aggravated murder R.C. 2903.01(C), an unclassified felony; one count of endangering children, R.C. 2919.22(B)(2) and (E)(3), a second-degree felony; and one count of endangering children R.C. 2919.22(A) and (E)(1)(c), a third-degree felony. She was accused of physically abusing her sixteen-month-old son over a period of several months and killing him.

**{¶4}** Fleischer was arraigned, pled not guilty by reason of insanity and counsel was appointed. Sanity and competency evaluations were ordered by the trial court; Fleischer was found to be sane and competent and the parties stipulated to those findings.

**{¶5}** Fleischer later entered into a Crim.R. 11 plea agreement with the State. Therein, Fleischer agreed to plead guilty to the charges in the indictment. In exchange, the State agreed to a jointly-recommended sentence of life without the

possibility of parole for 20 years in prison.

{¶6} During the plea hearing, the trial court engaged in a colloquy with Fleischer concerning the rights she would give up by pleading guilty, and accepted Fleischer's plea as knowingly, voluntarily and intelligently made and then immediately proceeded to sentencing. The State stood by its promise to recommend an aggregate sentence of life without the possibility of parole for 20 years. The State noted that the autopsy report indicated the cause of death to the child was blunt impacts to the child's head, trunk and extremities, and that there were abrasions and contusions all over the child's body. In addition, there were a number of burn injuries to the child's feet, which were in various stages of healing; the State asserted that the evidence at trial would have shown those injuries had been there for up to five weeks. The State notes that the burn injuries formed the basis for the child endangering charges in the indictment.

{¶7} Defense counsel also urged the trial court to accept the jointly-recommended sentence, stating that Fleischer has taken responsibility for her actions. The trial court asked Fleischer whether she had anything to say or any evidence to present in mitigation of sentence and she declined to make a statement or present evidence.

{¶8} After considering the record, statements made at sentencing, the purposes and principles of sentencing under R.C. 2929.11 and the seriousness and recidivism factors under R.C. 2929.12, the trial court sentenced Fleischer to the jointly-recommended sentence of life without the possibility of parole for 20 years for the aggravated murder count, 8 years on the felony-two endangering children count and 36 months on the felony-three endangering children count, to all run concurrently. The trial court imposed a $25,000.00 fine to be suspended during Fleischer's incarceration. The trial court granted Fleischer jail-time credit for 245 days, in addition to any time accrued awaiting transportation to the penitentiary. The trial court explained that Fleischer would not be eligible for parole or judicial release until she served 20 years in prison. Finally, the trial court imposed five years of

mandatory post-release control.

{¶9} Fleischer filed a pro se motion for delayed appeal, which we granted and appointed appellate counsel. Counsel filed a no-merit brief and we granted Fleischer 30 days to file a pro-se brief which she failed to file. The same day she filed her motion for a delayed appeal, Fleischer also filed, with this court, a pro-se motion to withdraw her guilty plea pursuant to Crim.R. 32.1, which this court dismissed.

### *Anders* Review

{¶10} An attorney appointed to represent an indigent criminal defendant may seek permission to withdraw if the attorney can show that there is no merit to the appeal. *See generally Anders*, 386 U.S. 738. To support such a request, appellate counsel is required to undertake a conscientious examination of the case and accompany his or her request for withdrawal with a brief referring to anything in the record that might arguably support an appeal. *Toney*, 23 Ohio App.2d at 207. Counsel's motion must then be transmitted to the defendant in order to assert any error pro se. *Id.* at syllabus. The reviewing court must then decide, after a full examination of the proceedings and counsel's and the defendant's filings, whether the case is wholly frivolous. *Id.* If deemed frivolous, counsel's motion to withdraw is granted, new counsel is denied, and the trial court's judgment is affirmed. *Id.*

{¶11} In the typical *Anders* case involving a guilty plea, the only issues that can be reviewed relate to the plea or the sentence. *See, e.g., State v. Verity*, 7th Dist. No. 12 MA 139, 2013–Ohio–1158, ¶ 11.

{¶12} A guilty plea must be made knowingly, voluntarily and intelligently. *State v. Sarkozy*, 117 Ohio St.3d 86, 2008–Ohio–509, 881 N.E.2d 1224, ¶ 7. If it is not, it has been obtained in violation of due process and is void. *State v. Martinez*, 7th Dist. No. 03 MA 196, 2004–Ohio–6806, ¶ 11, citing *Boykin v. Alabama*, 395 U.S. 238, 243, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). When determining the voluntariness of a plea, this court must consider all of the relevant circumstances surrounding it. *State v. Johnson*, 7th Dist. No. 07 MA 8, 2008–Ohio–1065, ¶ 8, citing *Brady v. United*

*States*, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970).

**{¶13}** The trial court must engage in a Crim.R. 11(C) colloquy with the defendant in order to ensure that a felony defendant's plea is knowing, voluntary and intelligent. *State v. Clark*, 119 Ohio St.3d 239, 2008–Ohio–3748, 893 N.E.2d 462, ¶ 25–26. During the colloquy, the trial court is to provide specific information to the defendant, including constitutional and nonconstitutional rights being waived. Crim.R. 11(C)(2); *State v. Francis*, 104 Ohio St.3d 490, 2004–Ohio–6894, 820 N.E.2d 355.

**{¶14}** The constitutional rights the defendant must be notified of are the right against self-incrimination, to a jury trial, to confront one's accusers, to compel witnesses to testify by compulsory process, and to have the state prove guilt beyond a reasonable doubt. Crim.R. 11(C)(2)(c); *State v. Veney*, 120 Ohio St.3d 176, 2008–Ohio–5200, 897 N.E.2d 621, ¶ 19–21. A trial court must strictly comply with these requirements. *Id.* at ¶ 31; *State v. Ballard*, 66 Ohio St.2d 473, 477, 423 N.E.2d 115 (1981). "Strict compliance" does not require a rote recitation of the exact language of the rule. Rather, a reviewing court should focus on whether the "record shows that the judge explained these rights in a manner reasonably intelligible to the defendant." *Id.* at paragraph two of the syllabus.

**{¶15}** The nonconstitutional rights the defendant must be informed of are the effect of his plea, the nature of the charges, and the maximum penalty, which includes an advisement on post-release control if applicable. Further, a defendant must be notified, if applicable, that she is not eligible for probation or the imposition of community control sanctions. Finally, this encompasses notifying the defendant that the court may proceed to judgment and sentence after accepting the guilty plea. Crim.R. 11(C)(2)(a)(b); *Veney*, 120 Ohio St.3d 176 at ¶ 10–13; *Sarkozy*, 117 Ohio St.3d 86, at ¶ 19–26. The trial court must substantially comply with these requirements. *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights she is waiving." *Id.* at 108. In addition to demonstrating the trial court did not substantially

comply with Crim R. 11(C)(2)(a)(b) the defendant must also show a prejudicial effect, meaning the plea would not have otherwise been made. *Veney*, 120 Ohio St.3d 176 at ¶ 15 citing *Nero*, 56 Ohio St.3d at 108.

**{¶16}** The trial court's advisement of Fleischer's constitutional rights strictly complied with Crim.R. 11(C)(2)(c), and she indicated she understood she was giving up all of the above rights.

**{¶17}** The trial court also substantially complied with Crim.R. 11(C) when advising Fleischer of her nonconstitutional rights, with the exception of post-release control. "When the trial judge does not substantially comply with Crim.R. 11 in regard to a nonconstitutional right, reviewing courts must determine whether the trial court partially complied or failed to comply with the rule. If the trial judge partially complied, e.g., by mentioning mandatory postrelease control without explaining it, the plea may be vacated only if the defendant demonstrates a prejudicial effect." *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 32 (2008)

**{¶18}** The trial court overstated the Fleischer's applicable post-release term; erroneously stating that the aggravated murder carried a five-year mandatory term, when post-release control does not apply to aggravated murder. *State v. Threats*, 78 N.E.3d 211, 2016-Ohio-8478, ¶ 18-19 (7th Dist.). The trial court should have told Fleischer she would be subject to a three-year mandatory term of post-release control, for the highest classified felony, the second-degree felony. R.C. 2967.28(B)(2).

**{¶19}** Thus, the trial court partially complied; it explained post-release control, but overstated the applicable term. However, there is no prejudice from the misstatement in this instance. By pleading guilty, Fleischer received a very favorable sentencing recommendation and was ultimately able to avoid life imprisonment without parole. It is illogical to presume that had Fleischer known she was only subject to three years of mandatory post-release control instead of five, as the trial court advised her, that she would not have pled guilty. Accordingly, there is no prejudice. *See Threats* at ¶ 15-46 (reviewing case law and concluding there was no

prejudice by the trial court's overstatement of the applicable post-release control term.) Accordingly, Fleischer's plea was knowingly, voluntarily, and intelligently entered.

**{¶20}** Turning to sentencing, appellate courts typically review a felony sentence to determine whether the trial court's findings—or where findings are not required, the sentence itself—are clearly and convincingly unsupported by the record, or whether the sentence is otherwise contrary to law. R.C. 2953.08(G)(2); *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1; ¶ 23.

**{¶21}** However, in this case, the trial court imposed the sentence jointly-recommended by the defendant and the prosecutor; thus, this court's review is even more limited. "[I]f a jointly recommended sentence imposed by a court is 'authorized by law,' then the sentence 'is not subject to review.' " *State v. Sergent*, 148 Ohio St.3d 94, 2016-Ohio-2696, 69 N.E.3d 627, ¶ 15, quoting R.C. 2953.08(D)(1). "To be 'authorized by law' under R.C. 2953.08(D)(1), a sentence must comport with all applicable mandatory sentencing provisions." *Sergent* at ¶ 29.

**{¶22}** Here, Fleischer was afforded her allocution rights pursuant to Crim.R. 32(A)(1). The trial court considered purposes and principles of sentencing under R.C. 2929.11 and the seriousness and recidivism factors under R.C. 2929.12. The life without the possibility of parole for 20 years sentence Fleischer received is within the range for the charges; in fact it was the minimum sentence she could have received. *See* R.C. 2929.03(A)(1)(a)-(d); R.C. 2929.14(A)(2) and R.C. 2929.14(A)(3)(b).

**{¶23}** With regard to the "issue of merger[,] [it] is not barred on appeal merely because the sentence was jointly recommended." *State v. Helms*, 7th Dist. No. 14 MA 96, 2015-Ohio-1708, ¶ 50, citing *State v. Underwood*, 124 Ohio St.3d 365, 2010–Ohio–1, 922 N.E.2d 923, ¶ 23–33 (concluding that the merger statute falls under "the authorized by law" test in R.C. 2953.08(D)(1)). "Therefore, an appeal even after a jointly recommended sentence is possible, and plain error can be applied to an allied offense issue." *Helms* at ¶ 50.

**{¶24}** There was some discussion of the possibility of merger during the

*change of plea* portion of the hearing. Counts two and three are both endangering children convictions under different statutory subsections. *Compare* R.C. 2919.22(B)(2) with R.C. 2919.22(A).[1] Defense counsel and the prosecutor mentioned the *possibility* of those counts merging during the plea hearing, but no specific arguments were made. Both sides noted that the sentencing recommendation would be that the three sentences all run concurrently; no recommendation was made regarding merger, which is a distinct issue.

**{¶25}** During sentencing, no arguments relative to merger were made and the trial court did not inquire as to whether the counts merged. To demonstrate plain error in this context, "an accused has the burden to demonstrate a reasonable probability that the convictions are for allied offenses of similar import committed with the same conduct and without a separate animus[.]" *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 3. "[A]bsent that showing, the accused cannot demonstrate that the trial court's failure to inquire whether the convictions merge for purposes of sentencing was plain error." *Id.*

**{¶26}** Pursuant to R.C. 2941.25(A), "Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one." However, "[w]here the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them." R.C. 2941.25(B).

**{¶27}** If a defendant's conduct supports multiple offenses, the defendant can be convicted of all of the offenses if any one of the following is true: 1) the conduct

---

[1] R.C. 2919.22(B)(2) (count two) provides: "No person shall do any of the following to a child under eighteen years of age * * *Torture or cruelly abuse the child[.]"

R.C. 2919.22(A) (count three) provides: " No person, who is the parent, guardian, custodian, person having custody or control, or person in loco parentis of a child under eighteen years of age * * * shall create a substantial risk to the health or safety of the child, by violating a duty of care, protection, or support. * * *"

constitutes offenses of dissimilar import, 2) the conduct shows the offenses were committed separately, or 3) the conduct shows the offenses were committed with separate animus. *State v. Ruff*, 143 Ohio St.3d 114, 2015–Ohio–995, 34 N.E.3d 892, paragraph three of the syllabus, citing R.C. 2941.25(B). Two or more offenses are of dissimilar import within the meaning of R.C. 2941.25(B) "when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable." *Id.* at paragraph two of the syllabus.

**{¶28}** Based upon the assertions made by the prosecutor at sentencing, there was separate conduct for all three offenses. The prosecutor noted the autopsy report indicated the cause of death to the child was blunt impacts to the child's head, trunk and extremities, and that there were abrasions and contusions all over the child's body. In addition, there were several, separate burn injuries to the child's feet, which were in "various stages" of healing; the prosecutor asserted that the evidence at trial would have shown those injuries had been there for up to five weeks. The State notes that the burn injuries formed the basis for the child endangering charges in the indictment. Further, according to the prosecutor, Fleischer admitted she never took the child for any form of medical treatment for the burns. Thus, Fleischer cannot demonstrate a reasonable probability that the convictions are for allied offenses of similar import committed with the same conduct and without a separate animus. There was no plain error in the failure to merge.

**{¶29}** However, the trial court overstated the applicable term of post-release control, imposing a five-year mandatory term. It has long been held that " 'the post-release control statute applies only to felonies of the first, second, third, fourth and fifth degree.' " *State v. Williams*, 7th Dist. No. 11–MA–24, 2012–Ohio–1475, ¶ 20, quoting *State v. Young*, 7th Dist. No. 09–MA–100, 2011–Ohio–2646, ¶ 68. *See* R.C. 2967.28(B) and (C). Aggravated murder is an unclassified felony to which the post-release control statute does not apply. *Id. See also Threats, supra*, at ¶ 18.

**{¶30}** The highest *classified* felony to which Fleischer pled was a second-degree felony, which carries a three-year mandatory term of post-release control.

R.C. 2967.28(B)(2). "If a person is convicted of both an unclassified felony and a classified felony, the court still has obligations regarding post-release control as it relates to the classified felony." *Threats* at ¶ 20. Accordingly, it appears a remand for a resentencing limited to the imposition of post-release control is appropriate. *Id.* at ¶ 51 (applying this remedy in a case where, as here, the trial court overstated the applicable term of post-release control, in the entry and during the hearing.)

**{¶31}** In sum, Fleischer's convictions and life without the possibility of parole for 20 years sentence is upheld, but the post-release control portion of her sentence is reversed and the matter remanded for a limited resentencing on the issue of post-release control.

Donofrio, J., concurs.

Robb, P. J., concurs.